THE UNITED PORTO RICAN BANK, Plaintiff and Appellant, *v.* IRENE CARATTINI DE MENDOZA ET AL., Defendants and Appellees.

No. 6251. Decided July 29, 1933.

*Walter L. Newsom, Jr., E. T. Fiddler,* and *F. González, Jr.,* for
appellant. *Tous Soto & Zapater* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the
Court.

The appellant moves for a reconsideration of the order
rendered by us on May 31, 1933, dismissing the appeal herein
on the ground that the notice of appeal was not served on the
defendants (*ante,* p. 174). The appellant admits that the de-
fendants have an interest in the controversy, but it argues that
the same is not involved in this appeal. In the motion pray-
ing for the reconsideration, there is partially copied a para-
graph of our opinion which we transcribe in full, as follows:

"There is no doubt that the defendants are the lawful owners of
the oxen the object of the controversy between the plaintiff and the
Bank of Ponce. The plaintiff maintains that the marshal had no
authority to take possession of the·oxen, which were in the custody
of a depositary by virtue of the attachment, and denies that the
Bank of Ponce has any mortgage on the attached oxen. The Bank
of Ponce on the contrary maintains that the oxen were the same
that had been mortgaged and that the marshal had authority to act
as he did. In our opinion, the defendants as lawful owners of the
oxen are interested parties, and it can not be said that they will not
be affected by the decision of this case. If these oxen have in fact
been mortgaged to the Bank of Ponce, the defendants are entitled
to have the value thereof deducted from their indebtedness and to
be thenceforth relieved from the payment of interest on the amount
so deducted. The United Porto Rican Bank as well as the Bank of
Ponce seek to have the value of this oxen applied to the payment
of certain obligations alleged to have been contracted in their favor
by defendants' predecessor in interest. As long as the defendants
continue to be the true owners of said property, any judicial pro-
ceeding that may be taken to deprive them of the ownership thereof,
is bound to affect them directly. It is true that the dispute in this
case is between two creditors concerning chattels belonging to the

**624**

defendants, but this does not mean that in deciding the dispute the legal owners should be disregarded, to whom perhaps a decision one way will not be as satisfactory as a decision the other way, that is, whether the oxen should remain subject to the attachment or their value applied by the Bank of Ponce to the alleged mortgage credit.''

''We think,'' says the appellant after transcribing our words, ''that the defendants have an interest in said controversy, but that the same is not involved in this appeal, nor should have been taken into consideration in the court below.''

The appellant argues that the question submitted to the court below was whether the marshal could without leave of court take possession of the oxen held in *custodia legis*. Even if said question were the one at issue and had the importance attributed to it by the appellant, we think that the defendants, as legitimate owners of the oxen, should have been served with notice of the appeal. In deciding this motion we are not entering, nor can we enter, into the merits of the question thus raised. We confine ourselves to the holding that the appeal taken must be dismissed for the reasons stated in our opinion.

The reconsideration sought must be denied.